PEOPLE, Respondent, v. C. VAN RIPER, Appellant.

No. 1252; July 15, 1867.

**Criminal Law.—On a Trial for an Attempt to Poison,** an instruction that such an attempt, in order to merit conviction, must be by some act independent of mingling the poison with medicine is properly refused, when it has been proved that the poison was not only so mingled but was maliciously exposed under such circumstances that the party it evidently was intended for would be likely to take it.

APPEAL from County Court, Butte County.

Attorney General for respondent; A. Maurice for appellant.

SHAFTER, J.—The defendant was indicted under the forty-fifth section of the Crimes Act for willfully and maliciously administering poison (strychnine) to one Donley. The jury found the defendant "guilty of an attempt to poison as charged in the indictment": Crim. Prac. Act, sec. 424.

There is only one point of error made by the defendant of sufficient interest to require discussion. The counsel of the defendant requested the court to charge the jury that "an attempt to commit poison (that is, the crime of poisoning) must be by some act independent of the mingling the poison with medicine." The instruction was refused.

We consider that the instruction was properly refused, for there was nothing in the evidence giving any countenance to the hypothesis upon which the request proceeded. There was no conflict in the evidence, and it all tended to prove, not that the defendant merely mingled strychnine with Donley's medicine, but that, having so mingled it, he maliciously exposed the mixture under such circumstances that Donley would be likely to take it. On that state of facts, the court was not called upon to tell the jury what it would be proper for them to do had they had another and different case to deal with. Had the instruction been given it would have tended to mislead the jury.

Judgment affirmed.

We concur: Sawyer, J.; Sanderson, J.; Rhodes, J.; Currey, C. J.